# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MIGUEL ORTIZ and LILIANA SOTO,

    Plaintiffs,

v.                                        No. 1:24-cv-00176

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company (State Farm), by and through its attorneys, Riley | Keller | Alderete | Gonzales (Courtenay L. Keller and Taryn M. Kaselonis), hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico. In support, State Farm states the following:

    1.    Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) & (b) and 1446(a), this Defendant hereby gives notice of removal of all counts and claims asserted by Plaintiffs in the civil action filed in the Thirteenth Judicial District, County of Bernalillo, State of New Mexico, styled: *Complaint for Personal Injuries, Uninsured Motorists' Benefits Under a Contract of Insurance, Unfair Claims Handling Practices, Insurance Bad Faith, and Breach of Contract*; Thirteenth Judicial District Cause No. D-1329-CV-2023-01581. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A".

2. Plaintiffs' "*Complaint for Personal Injuries, Uninsured Motorists' Benefits Under a Contract of Insurance, Unfair Claims Handling Practices, Insurance Bad Faith, and Breach of Contract*" (Complaint) was filed in the Thirteenth Judicial District Court on 10/18/23. *See* Exhibit "A1". Pursuant to NMSA 1978, §§ 59A-5-31 and 59A-5-32, the State of New Mexico Office of the Superintendent of Insurance accepted service of the summons and Complaint on behalf of this Defendant on 01/23/24; the summons and Complaint were received by the Defendant on 01/23/24. *See* Exhibit "A2". Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446 (b)(1) (providing a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."); 28 U.S.C. § 1446(b)(2)(B) (providing "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal"); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999) (holding that 30–day removal period is "triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

3. This is a civil action in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) because there is complete diversity of

citizenship between Plaintiffs and this Defendant, no Defendant is a citizen of this state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Defendant is a non-resident insurance company incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois. Plaintiffs are, upon information and belief, citizens and residents of Sandoval County, New Mexico. *See* Exhibit "A1" (Complaint) at ¶¶ 1-2. No properly joined defendant is a citizen of New Mexico. 28 U.S.C. § 1441(b)(2).

5. A reasonable estimate of the amount that will be put at issue during the litigation is in excess of $75,000.00,[1] exclusive of interest and costs.

6. This Court is not bound by the allegation in Plaintiffs' Complaint concerning amount in controversy (WHEREFORE ¶) because Plaintiffs' assertion in this regard is not made in good faith and New Mexico law may permit recovery of damages in excess of that amount. 28 U.S.C. § 1446(c)(2)(A)(ii) & (c)(2)(B).

7. This lawsuit arises from Plaintiffs' claim for uninsured motorist benefits and for extra-contractual damages.

8. Moreover, Plaintiffs' Complaint states multiple causes of action directed to this Defendant, including (1) bad faith; (2) violation of the New Mexico Unfair Insurance

---

[1] *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation"); *see also Frederick v. Farmers Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012) (holding a district court is not bound by a plaintiff's allegation that s/he seeks less than the jurisdictional minimum and a defendant "is entitled to present his own estimate of the amount at stake and must show by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional minimum).

Claim Practices Act (NMSA 1978, § 59A-16-20); (3) breach of the covenant of good faith and fair dealing; (4) breach of contract; and (5) unfair trade practices.

9. Without admitting the validity of any of Plaintiffs' allegations, the amount that will be put at issue in this case will likely exceed the jurisdictional minimum because, in addition to policy benefits, Plaintiffs seek to recover from State Farm: (a) compensatory damages; (b) attorneys' fees; and (c) exemplary and punitive damages. *See generally* Exhibit "A" (Complaint).

10. Without admitting the validity of any of Plaintiffs' allegations, if Plaintiffs prevail on their claims, New Mexico law may permit recovery of compensatory damages, incidental and consequential loss damages, punitive damages, and attorneys' fees. *See* UJI 13–1712 NMRA (compensatory damages in bad faith cases); UJI 13–1716 (incidental and consequential loss damages in bad faith cases); UJI 13-1718 NMRA (providing recovery of punitive damages in bad faith actions where carrier acted in reckless disregard for the interests of its insured); NMSA 1978, § 39-2-1 (permitting an award of attorneys' fees where insurer acted unreasonably in failing to pay a first party claim); NMSA 1978, § 59A-16-30 (permitting an award of attorneys' fees where an insurer has willfully engaged in a violation of § 59A-16-20); NMSA 1978 § 57-12-10(B) (permitting an award of treble damages where an insurer has willfully engaged in an unfair or deceptive trade practice), and NMSA 1978 § 57-12-10(.C) (permitting an award of attorneys' fees to the complainant if s/he is the prevailing party).

11. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). A removing defendant need only establish that applicable state law "permits a punitive damages award for the claims in question" and the "total award, including compensatory and punitive damages, *could* exceed [the jurisdictional minimum]." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1248 (10th Cir. 2012) (emphasis added). Similarly, where recovery of attorneys' fees is permitted by statute, such claims may also be considered in determining whether the amount in controversy requirement is satisfied. *Woodmen*, 342 F.3d 1213, 1218; *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

12. Without admitting any of the Plaintiffs' allegations, and without admitting the Plaintiffs are entitled to recover any of the claimed damages, State Farm submits that the aggregate "value" of what Plaintiffs seek to recover in this case, or what a judgment would be worth to Plaintiffs, exceeds $75,000.00. *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing a court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied); *see also Woodmen*, 342 F.3d 1213 stating a district court should consider the "full potential [] award in determining the amount in controversy").

13. Pursuant to 28 U.S.C. § 1446(d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico.

Respectfully submitted:

**RILEY | KELLER | ALDERETE | GONZALES**

By: */s/ Taryn M. Kaselonis*
    **COURTENAY L. KELLER**
    **TARYN M. KASELONIS**
    3880 Osuna Road NE
    Albuquerque, NM 87109
    (505) 883-5030
    ckeller@rileynmlaw.com
    tkaselonis@rileynmlaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 22nd day of February, 2024, the foregoing was electronically filed through the CM/ECF filing system, causing counsel of record to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the same day to the following:

Jacob J. Salazar
The Salazar Law Firm
P.O. Box 25582
Albuquerque, NM 87125
thesalazarlawfirm@gmail.com

 */s/ Taryn M. Kaselonis*
**TARYN M. KASELONIS**